Edgar R. Cataxinos (Utah State Bar No. 07162)
ERCataxinos@traskbritt.com
J. Jeffrey Gunn (Utah State Bar No. 10731)
JJGunn@traskbritt.com
Stephen E. Pulley (Utah State Bar No. 13843)
SEPulley@traskbritt.com
**TRASKBRITT, PC**
230 South 500 East # 300
Salt Lake City, Utah 84102
Telephone: (801) 532-1922
Facsimile: (801) 531-9168

*Attorneys for Plaintiff, CAO GROUP, INC.*

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CAO GROUP, INC., a Utah corporation,**<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**FIRST MEDICAL INFECTION CONTROL ASSOCIATES, INC., a North Carolina corporation,**<br><br>    **Defendant.** | **COMPLAINT**<br><br>**Case No.: 2:15cv00698-DBP**<br><br>**Magistrate Judge Dustin B. Pead**<br><br>**JURY DEMAND** |

Plaintiff CAO Group, Inc. ("CAO") hereby complains and alleges against Defendant

First Medical Infection Control Assoiciates, Inc. ("First Medica" or "Defendant") as follows:

## PARTIES

1.      Plaintiff CAO is a Utah corporation located at 4628 West Skyhawk Drive, West Jordan, UT 84084.

2.      Defendant First Medica is a North Carolina corporation with a principal place of business at 2704-C Boren Dr., Greensboro, NC 27407.

## NATURE OF THE ACTION

3.      This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq*., including 35 U.S.C. § 271.

4.      On information and belief, Defendant has infringed and continues to infringe, and/or actively induces others to infringe CAO's U.S. Patents 6,719,559 (the "'559 Patent"), 6,755,648 (the "'648 Patent"), 6,783,362 (the "'362 Patent"), 6,926,524 (the "'524 Patent"), and 6,971,875 (the "'875 Patent").

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.      This Court has personal jurisdiction over Defendant First Medica because, on information and belief, First Medica does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or contributing to or inducing acts of patent infringement by others in this judicial District and elsewhere in Utah; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting

business from persons residing in this state and judicial District; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from infringing products and/or services provided to persons in this District and State.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).


## FACTUAL BACKGROUND

8.      Plaintiff CAO designs, develops, manufactures, and markets various products for use in the dental industry, including but not limited to dental curing lights.

9.      CAO has sought protection for its technological innovations, which has resulted in numerous issued patents, including the Asserted Patents.

10.     The '559 Patent issued on April 13, 2004 and is titled "Curing Light." CAO is the owner by assignment of the '559 Patent.

11.     The '648 Patent issued on June 29, 2004 and is titled "Curing Light." CAO is the owner by assignment of the '648 Patent.

12.     The '362 Patent issued on August 31, 2004 and is titled "Dental Curing Light Using Primary and Secondary Heat Sink Combination." CAO is the owner by assignment of the '362 Patent.

13.     The '524 Patent issued on August 9, 2005 and is titled "Curing Light." CAO is the owner by assignment of the '524 Patent.

14.     The '875 Patent issued on December 6, 2005 and is titled "Dental Curing Light." CAO is the owner by assignment of the '875 Patent.

15.     On information and belief, Defendant develops, markets, and/or manufactures a number of products for the dental industry, including dental curing lights that include light emitting diodes.

16.     On information and belief, Defendant manufactures and sells the LED Blast™ dental curing light product.

17.     On information and belief, Defendant First Medica operates and maintains a website at www.firstmedica.com (hereinafter "First Medica's website"), where First Medica's products, including the LED Blast™ dental curing light product, are and have been marketed to at least U.S. consumers via First Medica's website.

18.     Instructions regarding how to use the LED Blast™ dental curing light product are provided by Defendant in the products' packaging.

19.     On information and belief, Defendant First Medica knows, should know, or is willfully blind to the fact that its infringing products, including at least the LED Blast™ dental curing light product, are specially made or adapted for an infringing method and/or product.

## COUNT ONE

**(Infringement Of The '559 Patent Against Defendant – 35 U.S.C. §§ 271 *et seq*.)**

20.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

21.     On information and belief, Defendant has had actual notice of the '559 Patent and/or constructive notice of the '559 Patent pursuant to 35 U.S.C. § 287.

22.     CAO's products have been properly marked with patent information under 35 U.S.C. § 287.

23.     On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 16 of the '559 Patent by developing, making, using, offering to sell, selling, and/or importing, in this District and elsewhere in the United States, at least the LED Blast$^{TM}$ dental curing light product; and/or (2) actively induced others to infringe at least claim 16 of the '559 Patent, in this District and elsewhere in the United States.

24.     Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of infringement, of at least claim 16 of the '559 Patent in violation of 35 U.S.C. § 271.

25.     CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

26.     CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

27.     Defendant's infringement of CAO's rights under at least claim 16 of the '559 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

28.     Upon information and belief, Defendant has willfully infringed at least claim 16 of the '559 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

### COUNT TWO

**(Infringement Of The '648 Patent Against Defendant – 35 U.S.C. §§ 271 *et seq*.)**

29.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

30.     On information and belief, Defendant has had actual notice of the '648 Patent and/or constructive notice of the '648 Patent pursuant to 35 U.S.C. § 287.

31.     On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 8 of the '648 Patent by developing, making, using, offering to sell, selling, and/or importing, in this District and elsewhere in the United States, at least the LED Blast$^{TM}$ dental curing light product; and/or (2) actively induced others to infringe at least claim 8 of the '648 Patent, in this District and elsewhere in the United States.

32.     Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of infringement, of at least claim 8 of the '648 Patent in violation of 35 U.S.C. § 271.

33.     CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

34.     CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

35.     Defendant's infringement of CAO's rights under at least claim 8 of the '648 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

36.     Upon information and belief, Defendant has willfully infringed at least claim 8 of the '648 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT THREE

**(Infringement Of The '362 Patent Against Defendant – 35 U.S.C. §§ 271 *et seq*.)**

37.    Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

38.    On information and belief, Defendant has had actual notice of the '362 Patent and/or constructive notice of the '362 Patent pursuant to 35 U.S.C. § 287.

39.    On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 20 of the '362 Patent by developing, making, using, offering to sell, selling, and/or importing, in this District and elsewhere in the United States, at least the LED Blast$^{TM}$ dental curing light product; and/or (2) actively induced others to infringe at least claim 20 of the '362 Patent, in this District and elsewhere in the United States.

40.    Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of infringement, of at least claim 20 of the '362 Patent in violation of 35 U.S.C. § 271.

41.    CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

42.    CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

43.     Defendant's infringement of CAO's rights under at least claim 20 of the '362 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

44.     Upon information and belief, Defendant has willfully infringed at least claim 20 of the '362 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## <u>COUNT FOUR</u>

**(Infringement Of The '524 Patent Against Defendant – 35 U.S.C. §§ 271 *et seq.*)**

45.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

46.     On information and belief, Defendant has had actual notice of the '524 Patent and/or constructive notice of the '524 Patent pursuant to 35 U.S.C. § 287.

47.     On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 18 of the '524 Patent by developing, making, using, offering to sell, selling, and/or importing, in this District and elsewhere in the United States, at least the LED Blast$^{TM}$ dental curing light product; and/or (2) actively induced others to infringe at least claim 18 of the '524 Patent, in this District and elsewhere in the United States.

48.     Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of infringement, of at least claim 18 of the '524 Patent in violation of 35 U.S.C. § 271.

49.     CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

50.     CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

51.     Defendant's infringement of CAO's rights under at least claim 18 of the '524 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

52.     Upon information and belief, Defendant has willfully infringed at least claim 18 of the '524 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT FIVE

**(Infringement Of The '875 Patent Against Defendant – 35 U.S.C. §§ 271 *et seq.*)**

53.     Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

54.     On information and belief, Defendant has had actual notice of the '875 Patent and/or constructive notice of the '875 Patent pursuant to 35 U.S.C. § 287.

55.     On information and belief, Defendant has: (1) infringed and continues to infringe at least claim 16 of the '875 Patent by developing, making, using, offering to sell, selling, and/or importing, in this District and elsewhere in the United States, at least the LED Blast™ dental curing light product; and/or (2) actively induced others to infringe at least claim 16 of the '875 Patent, in this District and elsewhere in the United States.

56.     Defendant's actions constitute infringement, either literal or under the doctrine of equivalents, and/or active inducement of infringement, of at least claim 16 of the '875 Patent in violation of 35 U.S.C. § 271.

57.     CAO has sustained damages and will continue to sustain damages as a result of Defendant's aforesaid acts of infringement.

58.     CAO is entitled to recover damages sustained as a result of Defendant's wrongful acts in an amount to be proven at trial.

59.     Defendant's infringement of CAO's rights under at least claim 16 of the '875 Patent will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

60.     Upon information and belief, Defendant has willfully infringed at least claim 16 of the '875 Patent, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff CAO asks this Court to enter judgment in its favor and against Defendant under at least 35 U.S.C. § 281, and grant the following relief:

A.      An adjudication that Defendant has infringed and continues to directly and indirectly infringe the Asserted Patents;

B.      An adjudication that Defendant's acts of infringement are willfull;

C.      Orders of this Court permanently enjoining Defendant, its agents, servants, and any and all parties acting in concert with Defendant, from directly or indirectly infringing in any manner any of the claims of Asserted Patents pursuant to at least 35 U.S.C. § 283;

D.      An award of damages adequate to compensate CAO for Defendant's infringement of the Asserted Patents in an amount to be proven at trial;

E.      A finding that this is an exceptional case and an award of Plaintiff's costs and attorney fees;

F.      A trebling of the damage award to Plaintiff;

G.      An assessment and award of pre- and post-judgment interest on all damages awarded; and

H.      Any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: September 28, 2015                  **TRASKBRITT, P.C.**

By:  /s/ Edgar R. Cataxinos
    Edgar R. Cataxinos, Esq.
    J. Jeffrey Gunn, Esq.
    Stephen E. Pulley, Esq.
    230 South 500 East # 300
    Salt Lake City, Utah 84102
    Telephone: (801) 532-1922
    Facsimile: (801) 531-9168

    *Attorneys for Plaintiff, CAO GROUP, INC.*

List of Exhibits:

Exhibit A: U.S. Patent No. 6,719,559

Exhibit B: U.S. Patent No. 6,755,648

Exhibit C: U.S. Patent No. 6,783,362

Exhibit D: U.S. Patent No. 6,926,524

Exhibit E: U.S. Patent No. 6,971,875

11